IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:21-CV-144-FL

| | | |
|---|---|---|
| MEGAN HEDGEPETH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NASH COUNTY; NATALIE WEBB in her | ) | |
| individual capacity; and MARY REEVES | ) | |
| in her individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter initiated by complaint filed October 1, 2021, is before the court on plaintiff's

opposed request for entry of default against all defendants (DE 9).[1] Defendants' opposition to that

request filed December 8, 2021, rests upon answer following, filed December 8, 2021, together

with defendants' response in opposition filed December 29, 2021.

Federal Rule of Civil Procedure 55 provides for entry of default "[w]hen a party against

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). In considering the propriety of

default where defendants have appeared and oppose the motion, the court should consider factors

such as whether the defendant "has a meritorious defense, whether it acts with reasonable

---

[1] Plaintiff's request relies upon attested to failure of Nash County timely to respond upon service of summons and complaint by certified mail October 18, 2021, Natalie Webb's ("Webb") attested to failure to answer timely, following service that same date by certified mail, and defendant Mary Reeves's ("Reeves") failure timely to respond upon service by certified mail October 19, 2021. (Documentation supplementing the attorney's affidavit referring to Webb suggests a service date of October 22, 2021). The clerk calculated in the regular course each defendant's deadline based on plaintiff's showing and noticed plaintiff, several weeks following, of the need to proceed in accordance with Federal Rule of Civil Procedure 55 and the court's local rule to obtain entry of default.

promptness, the personal responsibility of the defaulting party, the prejudice to the [other] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

There is a strong preference in the law that "defaults be avoided and that claims and defenses be disposed of on their merits." Id. Less drastic sanctions in the event of a default include "an award of attorney's fees and costs" to the plaintiff in litigating the issue of default. Id.; see Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

There is some vagueness in plaintiff's showings, which, coupled with the fact defendants' answer alleges facts providing for a meritorious defense, the apparent lack of prejudice, and that defendants acted promptly in filing answer when alerted to the default request, tip the scale in favor of denial of her request. Notwithstanding that defendants through counsel reasonably could have taken some step or steps to facilitate service, according to plaintiff, there does not appear on the record as now developed any history of dilatory action. For all these reasons, sanction of default is not warranted.

## CONCLUSION

Based on the foregoing, plaintiff's request (DE 9) is DENIED. Where answer has been filed, an initial order regarding planning and scheduling separately will follow.

SO ORDERED, this the 10th day of January, 2022.

LOUISE W. FLANAGAN
United States District Judge